THOMPSON ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* PREFERRED RISK MUTUAL INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT.

[Cite as Thompson *v.* Preferred Risk Mut. Ins. Co. (1987),
32 Ohio St. 3d 340.]

(No. 86-1105—Decided September 9, 1987.)

*Nichols, Speidel & Nichols* and *Donald W. White,* for appellants and cross-appellees.

*Gustin & Lawrence Co., L.P.A.,* and *Daniel J. Temming,* for appellee and cross-appellant.

*Per Curiam.* Resolution of the instant appeal requires analysis of the uninsured motorist and automatic pay provisions contained within the contract of insurance issued by Preferred Risk. The uninsured motorist coverage prescribed therein provides as follows:

"PART IV

"PROTECTION AGAINST UNINSURED MOTORISTS

"COVERAGE U—Bodily Injury Benefit:

"To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury, * * * sustained by the insured * * *.

" 'Insured' means:

"(a) the named insured and any relative; * * *

"Under Part I:

"* * *

"(c) 'Relative' means a relative of the named insured who is a resident of the same household[.]"

It is undisputed that Gregory and Richard Thompson are brothers and, hence, "relatives" under the terms of the policy. Moreover, it is beyond question that Gregory and Richard Thompson were residents of the same home during the relevant period of insurance coverage. Nevertheless, Preferred Risk maintains that Gregory and Richard Thompson were not "resident[s] of the same household." In *Shear* v. *West American Ins. Co.* (1984), 11 Ohio St. 3d 162, 166, 11 OBR 478, 481, 464 N.E. 2d 545, 548, this court defined a household as " 'those who dwell under the same roof and compose a family: * * * *a social unit comprised of those living together in the same dwelling place.'* " (Emphasis added.) Clearly, it was not error for the trial court to conclude that the Thompsons and Fairchild constituted a household for purposes of the insurance policy. The court of appeals agreed with this conclusion. Preferred Risk also maintains that Richard Thompson did not reside at the home of Gregory Thompson with the intent to remain a permanent occupant. Support for this position is sought by relying on the fact that Richard Thompson received his mail at the home of his parents. This fact is hardly dispositive of the issue. In any event, the trial court concluded that the Batavia home constituted the permanent residence of Richard Thompson, and the conclusion was supported by evidence sufficient to sustain such determination on appeal.

Of greater significance is the decision of the court of appeals that the exclusion contained in the policy applies to the instant case. The exclusion provides in relevant part:

"Exclusions

"This policy does not apply under Part IV:

"(a) to bodily injury to an insured while occupying an automobile (*other than an insured automobile*) owned by the named insured or a relative * * *;

" 'Insured automobile' means:

"(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded.

"* * *

"(d) a non-owned automobile while being operated *by the named insured;* * * *" (Emphasis added.)

In addressing the relevance of this section, the appellate court noted:

"Although Preferred raised the issue of the exclusion as an affirmative defense, the issue was apparently not argued in the lower court."

Thereafter, the court of appeals stated:

"We conclude that pursuant to *Hedrick* [v. *Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, 22 OBR 63, 488 N.E. 2d 840], the trial court's thinking regarding the invalidity of the exclusion was erroneous. Further, *Hedrick* is probably dispositive of the issue whether Gregory Thompson is entitled to uninsured motorist coverage under his brother's policy. However, since neither party pre-

sented evidence on the issue, we decline to address the issue in the first instance, as an appellate court need not address issues not presented to or decided by the lower court."

However, the opinion of the appellate court fails to consider the plain meaning of the insurance contract. As an initial matter, the trial court did not hold the uninsured motorist exclusion invalid on the authority of *Hedrick, supra.* A review of the May 16, 1985 decision of the trial court reveals that the determination that uninsured motorist coverage was available was primarily derived from an analysis of the policy's terms.

Secondly, where an issue presented for review by the appellate court was not briefed and argued below, the issue is waived for purposes of consideration on appeal. Thus, remand for consideration of the issue in light of *Hedrick* is erroneous for two reasons: (1) *Hedrick* was not the basis of the trial court's determination, and (2) Preferred Risk failed to raise the issue below.

Finally, it was totally unnecessary for the court of appeals to reach the issue as to whether the exclusion was valid under *Hedrick.* By its own terms, the exclusion does not apply. Thus, its validity is not in question.

The exclusion provides that the policy does not apply "(a) to bodily injury to an insured [including a relative thereof] while occupying an automobile (*other than an insured automobile*) owned by the named insured or a relative * * *." (Emphasis added.)

It is undisputed that Gregory Thompson was a relative of Richard Thompson (*i.e.,* his brother) within the terms of the policy. It is likewise undisputed that the vehicle driven by Gregory Thompson was owned by Robin Fairchild who was not a relative of Richard Thompson. Thus, the exclusion as written does not apply.

Assuming *arguendo* that the policy terms are ambiguous, it is beyond question that any ambiguity will be resolved in favor of the insured and against the insurer. See *Faruque* v. *Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St. 3d 34, 31 OBR 83, 508 N.E. 2d 949; *Gomolka* v. *State Auto. Mut. Ins. Co.* (1984), 15 Ohio St. 3d 27, 15 OBR 67, 472 N.E. 2d 700; *Gomolka* v. *State Auto. Mut. Ins. Co.* (1982), 70 Ohio St. 2d 166, 24 O.O. 3d 274, 436 N.E. 2d 1347; *Buckeye Union Ins. Co.* v. *Price* (1974), 39 Ohio St. 2d 95, 68 O.O. 2d 56, 313 N.E. 2d 844; and *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73, 46 O.O. 2d 404, 246 N.E. 2d 552.

The second issue to be decided is whether Gregory Thompson is entitled to benefits under the automatic pay provision of the insurance policy. This provision states in relevant part:

"Exclusions

"This policy does not apply under Part II to bodily injury, sickness, disease or death

"* * *

"(b) sustained by the named insured or a relative (1) while occupying an automobile owned or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile' * * *."

Employing the same analysis used in addressing the uninsured motorist coverage, *supra,* we find it is clear that Richard and Gregory Thompson are relatives under the terms of the policy. The key question with respect to the automatic pay provision is whether the automobile operated at the time of the collision by Gregory Thompson and owned by Robin Fairchild was "furnished for the regular use of [a relative of] the insured."

The trial court determined that, although Gregory Thompson, on various occasions, used the automobile, Fair-

child maintained sole dominion and control over it. Fairchild retained the only set of keys to the vehicle. Moreover, Gregory Thompson was not free to use the vehicle at any time he pleased but was required to secure the permission of and obtain the keys from Fairchild every time the vehicle was used. In arriving at their decisions, the trial court and the appellate court determined that the term "furnished for the regular use" was not synonymous with the term "regularly used." The courts below therefore concluded that the arrangement entered into by Fairchild and Gregory Thompson did not fall within the terms of the exclusion. There is ample evidence in the record to sustain this conclusion.

We therefore conclude that the exclusions as they apply to uninsured motorist coverage and automatic pay benefits are inapplicable and that the policy is fully operative as it relates to the facts of this case.

Accordingly, the judgment of the court of appeals is reversed on the issue of uninsured motorist coverage and affirmed with respect to the automatic pay benefits, and the judgment of the trial court is reinstated.

*Judgment affirmed in part
and reversed in part.*

SWEENEY, LOCHER, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., and WRIGHT, J., concur in judgment only.

HOLMES, J., dissents.