Caron Cole, Plaintiff, appeals the trial court's grant of the Estate of Edward Green's, Defendant, motion to enforce the parties' settlement agreement. Having found no error in the trial court's decision, we affirm the judgment of the trial court.
 I.
This action has its basis in a complaint filed by Cole on December 8, 1992, for injuries she suffered as a result of an automobile accident involving Green. In her complaint, Cole alleged that the car accident was caused by Green's negligence and that, as a result of the car accident, she suffered severe injuries. Portions of Cole's injuries were paid for by her automobile insurer, State Automobile Mutual Insurance Company, as well as her health care insurer, Western Ohio Health Care.
The case proceeded to arbitration, and, on September 15, 1995, the arbitration panel awarded Cole three thousand dollars for her alleged injuries. Cole appealed the panel's decision on October 20, 1995. On November 3, 1995, however, the parties settled the case for the amount of the arbitration award. Less than a week later, on November 14, 1995, the Estate of Green remitted a check payable to Cole, Cole's counsel, and both of Cole's insurers. On December 7, 1995, Cole's counsel returned the settlement check, requesting that the check be reissued without Cole's insurers being named on the check. Cole's attorney claimed that his client had never agreed that her insurance companies would be named on the check.
The Estate of Green refused to reissue the check, nonetheless, claiming that the settlement agreement embodied a complete release of claims, including the claims of Cole's subrogated insurers. In view of the Estate of Green's refusal to reissue the check, Cole's counsel moved the trial court to enforce the parties' settlement or, alternatively, to reinstate the case for trial on its merits on February 2, 1996. On February 28, 1996, counsel for the Estate of Green filed a memorandum in opposition to Cole's motion to enforce settlement and motion to reinstate the case for trial on its merits.
On April 1, 1997, Cole's counsel filed a second motion to enforce settlement or, alternatively, to reinstate the case for trial on its merits. On April 15, 1997, counsel for the Estate of Green filed a motion in support of the court enforcing settlement agreement according to the Estate's interpretation of its terms and in opposition to Cole's motion for reinstatement of the case for a trial on its merits. On May 7, 1997, the trial court set the matter to be heard on May 15, 1997. On May 15, 1997, counsel for the Estate of Green appeared in Judge Kessler's chambers for a hearing on Cole's motions. Cole's counsel, however, failed to appear at the hearing. After waiting approximately forty-five minutes, the trial court called Cole's counsel to determine his whereabouts. Because Cole's counsel was unable to be located, another attorney from his firm, Gary Plunckett, was permitted to participate in the hearing by telephone.
During the May 15, 1997, hearing, the trial court ordered Cole's counsel to obtain releases from Cole's insurers for any causes of action that they may have against the Estate of Green or to present the trial court with authority demonstrating that Cole's insurers do not have any causes of action against the Estate of Green. The trial court afforded Cole's counsel two weeks to accomplish its order. After more than three weeks had passed, and Cole's counsel had still not complied with the order, the Estate of Green's counsel filed a supplemental motion to enforce the settlement.
Cole's counsel filed a memorandum in opposition, repeating Cole's argument that the terms of the settlement agreement did not include the settlement of claims of Cole's insurers. Cole's counsel did not mention or comply with the court's order to obtain a release from Cole's insurers or to present evidence demonstrating that her insurers do not have causes of action against the Estate of Green. As a consequence, on July 30, 1997, the trial court filed a judgment entry granting the Estate of Green's motion to enforce settlement with the names of Cole's insurer's on the check.
 II.
In his first assignment of error, Cole's counsel argues that:
 THE TRIAL COURT'S GRANTING OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AND ORDERING THE INSURANCE COMPANIES' NAMES BE INCLUDED ON THE SETTLEMENT CHECK WAS REVERSIBLE ERROR.
Cole's counsel argues that Cole's insurance carriers neglected to file subrogation actions within the two year period required by the statute of limitation. Her counsel claims that, as a consequence, the Estate of Green is protected from a lawsuit by Cole's insurers by the applicable statute of limitations. Thus, her counsel argues that the trial court erred when it enforced the settlement with the names of Cole's insurers on the check.
This court takes notice that this argument was never addressed to the trial court. After holding a hearing on the matter, the trial court gave Cole's counsel the opportunity to either produce releases from Cole's insurers or to present the court with authority demonstrating that Cole's insurers lacked causes of action against the Estate of Green. The trial court afforded her attorney two weeks to accomplish its order, but her counsel failed to comply. After more than two months, the trial court finally ruled in favor of the Estate of Green.
Courts have consistently held that arguments which are not raised below may not be considered for the first time on appeal.Belvedere Condo. Unit Owner's Assn. v. R.E. Roark (1993), 67 Ohio St.3d 274
(noting, however, that if a court must resolve a legal issue not raised below in order to reach an issue that was raised, the court may do so); Colasant v. Olmstead Township (1994)95 Ohio App.3d 605; L.B. Folding Co. v. Gergel-Kellman Corp.
(1994), 94 Ohio App.3d 511 (acknowledging that it is a long-standing rule of appellate procedure that no new issues can be raised on appeal);Niemann v. Cooley (1994), 93 Ohio App.3d 81. Based upon this case law, we find that Cole's argument — that her insurers' are not entitled to any of the settlement proceeds because they did not bring subrogation actions within the statute of limitations — was not properly preserved in the trial court. As a consequence, we can only conclude that this argument is not properly before this court on appeal.
It is worthy of mention that this rule slightly differs from the rule regarding the waiver of errors that are not brought to the attention to the trial court. The latter rule concerns errors that have occurred in the trial proceeding while the former rule deals with arguments and issues that were not preserved in the trial court. When one fails to raise errors that have occurred in the trial court, an appellate court may address the errors under the plain error rule. The purpose of the plain error rule is to correct errors that likely have adversely affected the outcome of the trial court proceeding. The plain error rule does not apply to allow appellate courts to address arguments or issues not raised in the trial court that are unrelated to alleged errors that occurred in that court's proceedings. In fact, the Supreme Court has gone so far as to say that it was erroneous for an appeals court to remand a case to the trial court for consideration of an issue that was raised for the first time on appeal. Thompson v. Preferred Risk Mut. Ins. Co. (1987), 32 Ohio St.3d 340.
The first assignment of error is overruled.
 III.
In her counsel's second assignment of error, he argues that:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING AS REQUESTED BY PLAINTIFFS-APPELLANTS TO RESOLVE THE DISPUTE CONCERNING THE SETTLEMENT CHECK AND WHEN IT DENIED PLAINTIFFS-APPELLANTS' ALTERNATIVE MOTION TO SET THE CASE FOR TRIAL ON THE MERITS.
Cole's counsel argues that the trial court erred in not granting the parties an evidentiary hearing because a genuine issue of material fact existed as to whether the settlement agreement included the settlement of possible claims of Cole's insurers. Her counsel also argues that the trial court erred in not granting the parties' an evidentiary hearing because, he claims, that there was a genuine issue of material fact as to whether Cole's insurers had enforceable rights against the Estate of Green. Finally, her counsel argues that the trial court never resolved his alternative motion to set the case for trial on its merits.
We find that the trial court did grant the parties a hearing on the matter, but Cole's counsel failed to attend the hearing. After waiting forty-five minutes for her counsel to arrive, the trial court attempted to locate Cole's counsel. When the trial court was unable to determine Cole's counsel's whereabouts, the court permitted another attorney in her counsel's law firm to participate in the hearing on Cole's behalf. At the conclusion of the hearing, the court gave Cole's counsel two weeks to obtain a release from Cole's insurers or to present the court with evidence demonstrating that her insurers do not have causes of action against the Estate of Green. Cole's counsel failed to comply with the court's request, and over two months after the court's order, the court enforced the settlement agreement with the names of Cole's insurers on the settlement check.
We cannot cannot find that the trial court committed an abuse of discretion. We determine that the trial court did hold a hearing on this matter, and that Cole's counsel merely failed to attend. In view of this, we determine that Cole's counsel cannot now be heard to complain that he was not able to present evidentiary material on this issue.
As to her counsel's argument that the trial court failed to resolve Cole's alternative motion, we find that it is devoid of merit. Although the court did not set forth a separate judgment entry denying this motion, it is unquestionable that this motion was resolved in the court's entry that enforced the settlement agreement with the names of Cole's insurers on the check. The assignment of error is overruled.
The decision of the trial court will be AFFIRMED.
WOLFF, J. and GRADY, J., concur.
Copies mailed to:
David G. Roach
Gary D. Plunkett
Patrick J. Janis
Hon. John W. Kessler