OPINION
Defendant-appellant, Ohio Casualty Group ("OCG"), appeals the decision of the Butler County Court of Common Pleas denying OCG's motion for summary judgment and granting the summary judgment motion of plaintiff-appellee, Patti Wagner. We reverse the decision of the trial court and grant summary judgment in favor of OCG.
Wagner owns residential rental property located in Mariemont, Ohio. OCG provided property and liability coverage for the property under Policy No. BZW (96) 50 44 46 28. Wagner was named a defendant in a federal lawsuit brought by Housing Opportunities Made Equal (H.O.M.E.), Inc., which alleged Wagner and other defendants had engaged in racial discrimination when renting property to tenants. On January 7, 1997, OCG sent Wagner a letter informing her that, after reviewing her policy, OCG had no obligation to defend and indemnify her in the federal lawsuit.
On May 11, 1998, Wagner filed a complaint for declaratory relief, seeking to have OCG defend and indemnify her in the federal lawsuit. On August 7, 1998, OCG moved for summary judgment. On September 11, 1998, Wagner filed a memorandum in opposition and also moved for summary judgment. On March 11, 1999, the trial court overruled OCG's motion for summary judgment and granted Wagner's motion for summary judgment. OCG filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED IN DENYING OCG'S MOTION FOR SUMMARY JUDGMENT AND GRANTING WAGNER'S MOTION FOR SUMMARY JUDGMENT.
Pursuant to Civ.R. 56(C), "the appositeness of rendering summary judgment hinges upon a tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo.Jones v. Shelley Co. (1995), 106 Ohio App.3d 440, 445.
In Motorists Mut. v. Trainor (1973), 33 Ohio St.2d 41, paragraph two of the syllabus, the Supreme Court of Ohio held that "[t]he test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insured is required to make a defense, regardless of the ultimate outcome of the action or its liability to the insured." In Willoughby Hills v. Cincinnati Ins.Co. (1984), 9 Ohio St.3d 177, 179, the court clarified that "the duty to defend need not arise solely from the allegations in the complaint but may arise at a point subsequent to the filing of the complaint." The court held that "where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim."Id. at 180.
The insurance policy at issue states, in pertinent part, as follows:
A. COVERAGES
1. Business Liability
 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.
LIABILITY AND MEDICAL EXPENSES DEFINITIONS
* * *
 10. "Personal Injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:
 a. False arrest, detention or imprisonment;
 b. Malicious prosecution;
 c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;
 d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
 e. Oral or written publication of material that violates a person's right to privacy.
This case hinges upon whether the allegations of racial discrimination in the federal lawsuit meet the definition of personal injury in Section F(10)(c) of the insurance contract.
If an insurance contract has ambiguous terms, this ambiguity must be resolved in favor of the insured and against the insurer, which drafted the contract. Thompson v. Preferred Risk Mut. Ins.Co. (1987), 32 Ohio St.3d 340, 342. Appellant's position is that the phrase, "a person occupies" refers to a "personal injury" in which a tenant resides in a particular residential property. Appellant argues that the phrase "a person occupies" modifies the three forms of personal injury listed in Section F(10)(c), i.e., (1) "wrongful eviction from"; (2) "wrongful entry into"; and (3) "invasion of the right of private occupancy." Since the lawsuit concerns allegations of racial discrimination in attempting toobtain residential housing, OCG would not be obligated to defend and indemnify Wagner. Appellee claims that the phrase, "a person occupies" is ambiguous and should be interpreted against the insurer. Thompson at 340. Appellee insists that the phrase can be interpreted to distinguish residential from commercial property and to implicitly include the right to occupy property.
The phrase "a person occupies" cannot be reasonably interpreted to distinguish residential from commercial property. Instead, the phrase clearly modifies the three types of personal injury listed in Section F(10)(c). All three of the "personal injuries" in Section F(10)(c) address situations concerning a current tenant, not a potential tenant. Moreover, the personal injury section of the contract separately spells out other "personal injuries." Logically, if all three acts listed in Section F(10)(c) were not intended to include the phrase "a person occupies," each act would have been separately outlined in the contract.
We also cannot interpret "a person occupies" to include the right to occupy. This interpretation ignores the plain meaning of the word "occupies," which is to "reside in." Webster's Third New International Dictionary (1993) 1561. The verb is used in the present tense, referencing a person who is a tenant, not a potential tenant.
Appellee argues that the complaint also alleges tortious conduct, which falls under Section F(10)(e) of the insurance policy. Section F(10)(e) provides coverage against "[o]ral or written publication of material that violates a person's right to privacy." Appellee references paragraph 119 of the complaint from the federal lawsuit as alleging a right of privacy claim. SeeKilliea v. Sears, Roebuck Co. (1985), 27 Ohio App.3d 163. Paragraph 119 states that "[o]n numerous occasions, Ms. Miller has made statements to others describing her practice of discriminating against African American [sic] in the rental of apartments and her intent to discriminate."
In reviewing the entire complaint, paragraph 119 merely represents another example of evidence by which H.O.M.E., Inc., intended to prove the three counts of the complaint: violations of (1) the Fair Housing Act of 1968, Title 42, Sections 3601, etseq. U.S. Code, (2) Title 42, Sections 1981 and 1982,[1]
U.S. Code, which are federal civil rights statutes and (3) violations R.C.4112.02(H)(1-2),[2] all of which concern, interalia, refusal to rent "housing accommodations" based on race. None of the three counts even remotely address the right of privacy tort. The complaint is not ambiguous in any way about the legal allegations H.O.M.E., Inc., intended to raise in federal court. Cf.Willoughby Hills, 9 Ohio St.3d at 179-80.
Accordingly, we find OCG was not obligated to defend or indemnify Wagner. The assignment of error is well-taken and this court enters summary judgment in favor of OCG.
Judgment reversed.
YOUNG and WALSH, JJ., concur.
[1] Title 42, Section 1981(a), U.S. Code states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."
Title 42, Section 1982, U.S. Code states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."
[2] R.C. 4112.02 states that "it shall be an unlawful discriminatory practice:"
* * *
(H) For any person to do any of the following:
 (1) Refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations, or otherwise deny or make unavailable housing accommodations because of race, color, religion, sex, familial status, ancestry, handicap, or natural origin;
 (2) Represent to any person that housing accommodations are not available for inspection, sale, or rental, when in fact they are available, because of race, color, religion, sex, familial status, ancestry, handicap, or natural origin[.]