I must dissent from the decision of the majority here to reverse the trial court decision to granting summary judgment in favor of Appellee on Appellant's contractual defenses. Based on the record, I find that Appellee met its initial burden to put on the record evidence which shows there was no genuine issue of material fact. The record reflects that Appellant could not establish the existence of a duty on Appellee's part to "oversee the implementation" of the repainting of the floor at the Exal Can Plant. Simply recommending a paint, as the guaranty agreement provides, falls well short of this alleged duty.
Appellee's motion for summary judgment contained numerous exhibits. One such exhibit was a letter from Appellee's credit representative to Appellant's representative confirming an earlier telephone conversation whereby Appellant agreed to guarantee State Line's payment for the painting materials supplied by Appellee. There is nothing in that letter to indicate Appellee had agreed to "oversee the implementation" of the repainting of the floor at the Exal Can Plant as a condition precedent to receiving payment.
Another exhibit provided by Appellee in support of its motion for summary judgment is the affidavit of Darryl P. Gordesky. Mr. Gordesky is Appellee's credit officer who entered into the guarantee agreement on behalf of Appellee with Appellant. This affidavit asserts that the entire relationship between Appellee and Appellant consisted of Appellee supplying painting materials to State Line in consideration for which Appellant was to guarantee payment. There is nothing in this affidavit to indicate that Appellee was to oversee the job or to do anything more than act as a supplier.
The most important exhibit attached to Appellee's motion for summary judgment was the guarantee agreement entered into between Appellant and Appellee. Again, there is no indication in this agreement that Appellee agreed to do anything other than supply the material requested by State Line on the condition that Appellant guarantee payment. Once again, while the majority points to the language of the agreement where it states that Appellee may have recommended a type of paint, this recommendation nowhere rises to the level Appellant claims here. Clearly, this did not obligate Appellee to oversee the implementation of this project nor did Appellee rise to the level of a warrantee or a guarantee of the materials.
As Appellee's motion conformed to the requirements of Civ.R. 56, the burden then shifted to Appellant to, "* * * set forth specific facts showing there is a genuine issue for trial * * *." Id. Thus, the inquiry both at the trial court and on appeal turns on whether Appellant met this reciprocal burden.
My review of the record establishes that Appellant did not meet his burden, here. Appellant's response to the summary judgment motion does not even address this portion of Appellee's motion. Indeed, in its response to the motion for summary judgment, Appellant merely makes the bare assertion that, "there are a number of factual issues which this court must address. . . ." (BB's Response to Motion for Summary Judgment, p. 4). Appellant points to no evidence establishing a duty on Appellee's part to do anything other than what is contained in the guarantee agreement, that is, to "recommend" (not guarantee) paint. Other than raise a bare assertion that Appellant has a contract-based defense, Appellant attached no affidavits, no deposition transcripts, no other exhibits pursuant to Civ.R. 56 which would demonstrate that a factual dispute exists concerning the alleged contractual defense.
In essence, and contrary to the dictates of Civ.R. 56, Appellant merely rests on the allegations contained in the pleadings. This is not sufficient to defeat a motion for summary judgment. As Appellant failed to supply any evidentiary support for its purported contractual defense, it did not meet its reciprocal burden established by Civ.R. 56 and I would find that Appellant's claim on this matter must fail as a matter of law.
Appellant's assignment of error also contains arguments concerning merchantability and fitness for a particular purpose and an argument concerning the proximate cause of the damage to the floor of the plant. The issues concerning merchantability and fitness for a particular purpose pertain to defenses on the contract and, as Appellant offered no evidence on these as previously discussed, were properly disposed of by summary judgment. Additionally, I find it important to note here that these specific contractual defenses and the issue concerning proximate cause were never specifically pled, argued or briefed at any time before the trial court and are appearing for the first time on appeal. Appellant ignored these in his motion in opposition to summary judgment. The law in Ohio regarding this issue is quite clear and well settled:
 "Where an issue presented for review by the appellate court was not briefed and argued below, the issue is waived for purposes of consideration on appeal"
Thompson v. Preferred Risk Mutual Iris. Co. (1987), 32 Ohio St.3d 340. Therefore, as to that portion of Appellee's motion for summary judgment dealing with defenses based on the contract, I would hold that Appellant's assignment of error is without merit and affirm the judgment of the trial court.
It is also important to address here the majority's statement that Appellant can, upon remand, raise defenses, ". . . which could have or should have been raised by State Line. . .". I must note that there is no law in Ohio which would directly allow this, as State Line has defaulted judgment. However, inasmuch as Appellant, as guarantor, stands in the shoes of State Line, it does deem entirely logical that Appellant retains the ability to raise State Line's defenses. This said, as Appellee has received a default judgment against State Line which has not been vacated by the trial court or reversed on appeal, this judgment remains valid and binding. Thus, as State Line has, by operation of law, admitted all assertions against it contained within the complaint and the trial court entered judgment on the allegations contained in the complaint, Appellant (who stands in the shoes of State Line) is "stuck with" all of these admissions, as well. Appellant may only raise and argue defenses as they are not specificallyprecluded by the judgment on the complaint.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE