JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Sifco Industries, Inc. ("Sifco") appeals from the decision of the Cuyahoga County Court of Common Pleas on the cross-motions for summary judgment. In awarding judgment in favor of defendant-appellee Safety National Casualty Corporation ("Safety National"), the trial court denied Sifco's motion for partial summary judgment seeking a declaration that the "Workers' Compensation and Employers' Liability Insurance Agreement" at issue covered certain employer intentional torts. For the reasons that follow, we reverse.
 {¶ 2} The court below consolidated this coverage action with a related action involving a work-related injury suffered by a Sifco employee. Sifco's potential liability in the employer intentional tort action forms the basis of Sifco's claim for coverage in this declaratory judgment action. At this point, the parties have settled the employer intentional tort action which leaves the summary judgment determination on the coverage action the focus of appellate review.
 {¶ 3} The operative facts are undisputed. A Sifco employee suffered work-related injuries culminating in the amputation of his left hand. In his complaint against Sifco, the employee alleged that Sifco required him to perform a dangerous procedure at work knowing that harm to the employee was substantially certain to occur. (C.P. 383271 R. 1 at ¶¶ 2-5).
 {¶ 4} Sifco, in turn, filed a claim for coverage of this potential liability under the terms of the specific excess "workers' compensation and employers' liability insurance agreement" issued by Safety National. Safety National denied coverage relying on the definition of "occurrence" and that, in its opinion, a certain exclusion barred coverage. Sifco contended that the holding in Harasyn v. Normandy Metals (1990),49 Ohio St.3d 173 and related case law compelled a finding that the terms of the policy afforded coverage for employer intentional torts alleged to have been committed with substantial certainty.
 {¶ 5} The trial court reasoned that because the complaint alleged that Sifco acted with substantial certainty, there was no alleged accident. Without an "accident," there could be no "occurrence" as that term is defined as an accident and, therefore, no coverage. On this basis, the court awarded summary judgment to Safety National. Sifco presents the following sole assignment of error for our review:
 {¶ 6} "I. The trial court erred in granting summary judgment in favor of appellee Safety National Casualty Corporation, and in failing to grant summary judgment in favor of appellant SIFCO Industries, Inc."
 {¶ 7} We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585.
 {¶ 8} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389.
 {¶ 9} When construing an insurance contract, the primary objective is a "`reasonable construction [of the contract] in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed.'" King v. Nationwide Ins.Co. (1988), 35 Ohio St.3d 208, 211, quoting Dealers Dairy Products Co.v. Royal Ins. Co. (1960), 170 Ohio St. 336, 10 O.O.2d 424, 164 N.E.2d 745, paragraph one of the syllabus [other citation omitted].
 {¶ 10} A contract with clear and unambiguous terms leaves no issue of fact and must be interpreted as a matter of law. Inland RefuseTransfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. Where ambiguity exists, however, we must strictly construe those terms against the insurer and liberally in favor of the insured. King, supra at 211, citing Faruque v. Provident Life Acc.Ins. Co. (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949, syllabus;Thompson v. Preferred Risk Mut. Ins. Co. (1987), 32 Ohio St.3d 340, 342,513 N.E.2d 733, 736, and cases cited therein. But, "just because the policy does not define a term does not mean that the policy is ambiguous."Chicago Title Ins. Co. v. Huntington Nat'l Bank (1999), 87 Ohio St.3d 270,273 [citations omitted].
 {¶ 11} With these principles in mind, we review the terms of the insurance contract in the context of how the Ohio Supreme Court has addressed insurance coverage in the arena of employer intentional torts.
 {¶ 12} A party may establish an employer intentional tort by proving that the employer had intent to injure or that the employer knew with substantial certainty that injury would occur. Wedge Products v.Hartford Equity Sales Co. (1987), 31 Ohio St.3d 65, 66-67. Ohio law allows for insurance of "substantially certain" employment intentional torts. Harasyn supra, followed by Presrite Corp. v. Commercial UnionIns. Co. (1996), 113 Ohio App.3d 38, 42. The sole issue before us is whether the explicit terms of the policy extend such coverage.
 {¶ 13} The policy provides in pertinent part as follows:
 {¶ 14} "A. Coverage of Agreement
 {¶ 15} "This Agreement applies only to Loss sustained by the EMPLOYER by the Workers' Compensation or Employers' Liability Laws of:
 {¶ 16} "(1) the State(s) designated in the Declarations, or
 {¶ 17} "(2) other State(s), provided that the `Loss' shall not be greater than it would have been had liability been imposed by the State(s) specified in the Declarations,
 {¶ 18} "on account of bodily injury by accident or bodily injury by occupational disease due to Occurrences taking place within the Liability Period to Employees of the EMPLOYER engaged in the business operations specified in the Declarations and all other operations necessary, incidental, or appurtenant thereto. Bodily injury includes resulting death."
 {¶ 19} The policy provides that "`occurrence' — shall mean accident." The term accident is not explicitly defined by the policy. Safety National argues, and the trial court agreed, that the term "accident" necessarily excludes coverage here since the employee alleges that Sifco knew with substantial certainty that his injuries would occur. However, the Ohio Supreme Court has examined similar language and found that it does not preclude coverage for employer intentional torts of the substantially certain variety. Haraysn, 49 Ohio St.3d 173.
 {¶ 20} In Haraysn, an endorsement to the policy provided coverage in the following circumstances:
 {¶ 21} "It is agreed that such insurance as is afforded by the policy under Bodily Injury Liability applies also to the liability of the Insured for damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained by any employee of the Insured arising out of and in the course of his employment by the Insured * * *." Id.
 {¶ 22} The trial court relied on Wedge Products v. Hartford EquitySales Co. (1987), 31 Ohio St.3d 65 for the proposition that "an intentional tort allegedly committed by an employer against its employee is not covered by an insurance policy which provides protection for bodily injuries `neither expected nor intended' by the employer." However, the policy in Wedge explicitly covered "bodily injuries `neither expected nor intended' by Wedge." The policy under our examination does not have this language. While Safety National suggests that this is a distinction without a difference, we cannot agree since we find that the policy language is more in line with that examined by our Supreme Court inHarasyn. Safety National urges us to interpret the term "accident" to mean that which was not expected or intended from the standpoint ofSifco on the authority of Sanborn Plastics Corp. v. St. Paul Fire andIns. Co. (1993), 84 Ohio App.3d 302, 309 (finding "`accidental' typically refers to something which was not expected or intended).[1] Safety National also cites to the Ninth Appellate District's reasoning inBudacov v. Thomarios Painting Co., Inc. (July 19, 1995), Summit App. No. 16962.
 {¶ 23} Sanborn Plastics concerned liability in the context of environmental pollution and did not address coverage for employer intentional torts as the Ohio Supreme Court did in Harasyn. Budacov is also distinguishable in that the Ninth Appellate District found the policy at issue therein contained language more akin to that examined by the Ohio Supreme Court in Wedge rather than that addressed in Harasyn. In contrast, we find the Safety National policy language more akin to the policy language in Harasyn which provided coverage for "`damages because of bodily injury [by accident or disease] sustained by any employee of the Insured arising out of and in the course of his employment by the Insured * * *.'" Harasyn, 49 Ohio St.3d at 177. Harasyn holds that this language provides coverage for employer intentional torts of the substantially certain variety "[o]n its face." Id.; accord Ward v. CustomGlass Frame, Inc. (1995), 105 Ohio App.3d 131. Adhering to this precedent, we find that the Safety National policy extends coverage for employer intentional torts cast under the substantially certain rubric.
 {¶ 24} We next address Safety National's contention that a policy exclusion bars coverage for the claims made in the employee's lawsuit. In particular, Safety National relies upon the "Exclusions from Loss" paragraph (f), subsection 1 which excludes coverage for:
 {¶ 25} "Serious and willful misconduct of the EMPLOYER, including intentional acts or omissions resulting in injury."
 {¶ 26} We have previously addressed the issue of excluding substantially certain employer intentional torts in Presrite Corp. v.Commercial Union Ins. Co. (1996), 113 Ohio App.3d 38. An exclusion of substantial certainty intentional torts applies "only when the insurance policy explicitly excludes this type." Id. at 44.
 {¶ 27} Certain insurers have effectively drafted policy language that excludes coverage for substantial certainty intentional torts in clear and unambiguous terms. Id., citing Lt. Moses Willard, Inc. v.American States Ins. Co. (Feb. 6, 1995), Clermont App. No. CA-06-049; see, also, Estate of Izold v. Suburban Power Piping Corp. (March 20, 1997), Cuyahoga App. No. 70873. However, in Presrite we found that an exclusion for "bodily injury caused intentionally by you or at your direction" failed to encompass substantial certainty intentional torts. Id. We find that the exclusionary language relied upon by Safety National excluding "[s]erious and willful misconduct of the EMPLOYER, including intentional acts or omissions resulting in injury" is similar to that examined in Presrite. Accordingly, we find that it likewise fails to specifically exclude substantial certainty intentional torts.
 {¶ 28} Based on the foregoing, the assigned error is well taken.
Judgment reversed and remanded with instructions to enter judgment in favor of appellant consistent with this opinion.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and TERRENCE O'DONNELL, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] While an accident may mean something which was not expected or intended, it does not inherently include the qualification "from the standpoint of the insured." This is underscored by the fact that the majority of cases presented for our review involve policies where the insurer included this express qualification in the policy language and upon which the courts have relied. E.g., Wedge, supra.