[Cite as *Delitoy v. I. Stylez Hair & Nails Design, Inc.*, 2020-Ohio-3370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BIANCA DELITOY,                         :

    Plaintiff-Appellee,            :

                             No. 108833

v.                                      :

I. STYLEZ HAIR AND NAILS                :
DESIGN, INC., ET AL.,

                                  :

    Defendants-Appellants.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2020

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-18-893159

---

### *Appearances:*

Ziccarelli & Martello, Derek W. Smith, and Deneen Lamonica, *for appellee.*

Jazmine Greer, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant I. Stylez Hair and Nails Design Inc. ("I. Stylez") appeals from a judgment of the trial court denying its Civ.R. 60(B) motion to vacate a default judgment that had been granted in favor of plaintiff-appellee Bianca

Delitoy, whose scalp was burned when she went to I. Stylez's salon for a wash and style. For the following reasons, we affirm the trial court's judgment.

**Background**

{¶ 2} Delitoy alleged that, on February 20, 2017, she went to I. Stylez for a wash and style. A hair stylist, Shariya Cox, performed the service. Cox applied a white product, which Delitoy thought was a conditioner, to Delitoy's hair. Immediately after the application, Delitoy felt her scalp burn, but Cox told her to wait while she worked on another customer. Cox then left to purchase food in a store nearby. Delitoy rinsed off the product herself. When Cox returned, she styled Delitoy's hair with a flat iron, which caused more pain, but Cox dismissed Delitoy's concerns. The next day, Delitoy woke up feeling her scalp was burning and there were oozing blisters on her scalp. As she alleged in her affidavit, she "followed by text with I. Stylez and told the stylist [Cox] what happened." Cox responded to her initially but eventually blocked her phone number. Delitoy sought medical attention at University Hospitals and then the Cleveland Clinic. She learned the scarring and baldness where the scalp was burned were likely to be permanent. Delitoy had to utilize hairpieces to camouflage the baldness, which required adjustment every two weeks at a cost of $150, for a total monthly cost of $300. Delitoy subsequently

retained counsel, who sent several letters to I. Stylez to notify it of possible litigation but never heard back from it.[1]

{¶ 3} On February 16, 2018, Delitoy filed a complaint in the common pleas court against I. Stylez and Cox, alleging negligence against both defendants and respondeat superior against I. Stylez. The complaint was sent by Federal Express on February 27, 2018, to I. Stylez at 2135 Noble Road, Cleveland, where the salon is located. The docket reflects receipt of the delivery. I. Stylez did not answer or otherwise respond to the complaint.

{¶ 4} On May 31, 2018, the trial court issued a journal entry setting a case management conference for June 12, 2018. A journal entry dated June 12, 2018, stated the defendant failed to appear and set another case management conference for July 19, 2018; the entry also stated that said conference may be converted to a default hearing upon the application of the plaintiff, and it ordered plaintiff to file a motion for default judgment within seven days of the date of the journal entry and to provide evidence of the notice of the hearing to the defendant by certified mail and regular mail if the conference was converted to a default hearing.

{¶ 5} On July 19, 2018, the court issued another journal entry, stating that defendant failed to appear at the scheduled case management conference and

---

[1] Delitoy's counsel sent four letters addressed to the owner of I. Stylez: on February 25, 2017 (by first class mail), March 16, 2017 (by first class mail), April 7, 2017 (by certified mail), and May 8, 2017 (by certified mail). In the first two letters, Delitoy's counsel asked I. Stylez to submit Delitoy's claim to its insurance carrier; in the third and fourth letters, counsel advised I. Stylez a lawsuit would be filed if I. Stylez did not respond.

setting another conference for August 7, 2018; the entry again stated that said conference may be converted to a default hearing upon plaintiff's application. Plaintiff was ordered to file a motion within seven days of the order and to provide evidence of notice of the default hearing to defendant through certified and regular mail should the conference be converted to a default hearing.

{¶ 6} On July 23, 2018, Delitoy filed a motion for default judgment. Attached to the motion was Delitoy's affidavit and medical bills. She sought damages totaling $242,591.14, which included $1,083.73 in medical bills, $72,000 in hairpiece application for 20 years, $100,000 for pain and suffering, $69,233.49 in attorney fees, and $273.92 in legal expenses.

{¶ 7} On July 24, 2018, the trial court set the default hearing for August 7, 2018, and required the plaintiff to provide notice of the hearing to defendant through certified mail and regular mail and evidence of the notice at the default hearing.[2]

{¶ 8} On August 7, 2018, Delitoy filed a notice of filing of affidavit of service. The default hearing went forward on that day as scheduled. I. Stylez did not appear,

---

[2] We note that Civ.R. 55 ("Default") provides that "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment * * *." Civ.R. 55(A). Pursuant to Civ.R. 55(A), where a party has not made an appearance in an action, he or she is not entitled to notice of the default proceedings. *Jenkins v. Clark*, 7 Ohio App.3d 93, 95, 454 N.E.2d 541 (2d Dist.1982), citing *Sexton v. Sugar Creek Packing Co.*, 37 Ohio St.2d 58, 307 N.E.2d 541 (1974). Here, although the civil rules do not require it, the trial court, out of abundance of caution, instructed the plaintiff to provide notice of the default hearing to the defendant.

and the trial court granted default judgment, awarding Delitoy damages in the amount of $173.083.73 and declining to award attorney fees.[3]  On January 11, 2019, Delitoy initiated garnishment proceedings against Cox.

{¶ 9} On January 18, 2019, I. Stylez filed a motion to vacate the default judgment pursuant to Civ.R. 60(B).  I. Stylez asserted it had a meritorious defense to the respondeat superior cause of action because Cox was an independent contractor. I. Stylez also asserted it had a meritorious defense to the negligence cause of action because it had never received a complaint from the salon's customers regarding Cox's services and did not owe a duty of care to Delitoy to protect her from unknown hazards.

{¶ 10} I. Stylez furthermore asserted that it was entitled to relief pursuant to Civ.R. 60(B) on the ground of excusable neglect, stating in its brief that "the representatives of I. Stylez were not aware of this pending litigation."

{¶ 11} The only supportive document attached to I. Stylez's motion to set aside the default judgment was the affidavit of Ivory Prince, a "representative" of I. Stylez.  She averred the following: "Shariya Cox was an independent contractor at I. Stylez Hair and Nails Design Inc."; "[i]t recently came to my attention that Ms. Cox provided services to Bianca Delitoy"; "Ms. Cox is no longer an independent contractor at I. Stylez Hair and Nails Design Inc."; and "[d]uring her tenancy as an independent contractor at I. Stylez Hair and Nails Salon Inc., I never received a

---

[3] The trial court found I. Stylez and Cox jointly and severally liable for the damages. Cox never appeared at the trial court and is not part of this appeal.

complaint regarding Cox's services."[4]  There was no allegation in Prince's affidavit that I. Stylez did not receive the complaint filed by Delitoy or any of the court notices including the notice for the default hearing, or that it was unaware of the litigation.

{¶ 12} Delitoy filed a response opposing the motion to vacate.

{¶ 13} On June 26, 2019, the trial court issued a judgment denying I. Stylez's motion to vacate the default judgment.  I. Stylez appeals from that judgment, raising the following assignment or error:

> I.     The trial court erred in denying the Appellant's Motion to Vacate pursuant to Ohio Civ.R. 60(B).

## Civ.R. 60(B)

{¶ 14} "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion."  *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 15} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made

---

[4] Although the word "complaint" could be referring to the complaint filed in the court or to the complaint from the salon's customers,  I. Stylez's brief made it clear the word refers to the latter:  under the section regarding *meritorious defense*, I. Stylez argued it did not owe a duty of care to plaintiff to protect her from unknown hazards because on the day plaintiff was serviced, no I. Stylez representatives were on the premises, and because I. Stylez "never received a complaint regarding Ms. Cox."

within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983). Regarding the second requirement, Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

## Law and Analysis

{¶ 16} I. Stylez argues on appeal that it had a meritorious defense required by Civ.R. 60(B) because Delitoy received services from an independent contractor and the harm caused by Cox was "not a known hazard that appellant could have warned the customer." I. Stylez also argues she was entitled to relief based on excusable neglect.

{¶ 17} We do not reach the question of whether I. Stylez had a meritorious defense because our review shows it failed to demonstrate her entitlement for relief on the ground of excusable neglect.

{¶ 18} Excusable neglect has been defined in the negative. The inaction of a defendant is not excusable neglect if it can be labeled as a "complete disregard for the judicial system." *Kay v. Marc Glassman*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). Cases finding excusable neglect typically involve special circumstances that justify the neglect. *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist.

Franklin No. 14AP-640, 2015-Ohio-1368, 31 N.E.3d 190,¶ 13. Neglectful conduct is not excusable if the party seeking relief could have prevented the circumstances from occurring. *Stuller v. Price*, 10th Dist. Franklin No. 02AP-29, 2003-Ohio-583, ¶ 52. While special or unusual circumstances can justify neglect, if a party "could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable." *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 706 N.E.2d 825 (4th Dist.1997). Whether excusable or inexcusable neglect had occurred must take into consideration all the surrounding facts and circumstances. *Griffey*, 33 Ohio St.3d at 79, 514 N.E.2d 1122.

{¶ 19} I. Stylez claimed excusable neglect in its 60(B) motion claiming that it was not aware of the litigation. However I. Stylez failed to provide any information to substantiate this blanket assertion or provide a sworn affidavit. Prince's affidavit did not aver that I. Stylez did not receive the complaint. No explanations were given as to why I. Stylez was unaware of the litigation despite the court's docket reflecting that service of the complaint was achieved as evidenced by a signed receipt showing a delivery of the complaint by Federal Express on February 27, 2018.

{¶ 20} In its reply brief to Delitoy's opposition to the motion to vacate, I. Stylez, for the first time, maintained that "*it was not served* or aware it was being sued or otherwise being held liable for the actions of an independent contractor" (emphasis added), yet the documentary support for the claim that it was not served consisted only of a certified mail receipt for the April 7, 2018 letter (showing Cox's signature) and the certified mail receipt for the notice for the default hearing

(showing the notation "Notice Left (No Authorized Recipient Available))." Neither related to the service of the complaint.

{¶ 21} On appeal, I. Stylez claims "imperfections in service," alleging, for the first time, that the complaint and summons was signed with an unrecognizable signature. We note that serving the complaint by Federal Express at a corporation's usual place of business is authorized by the civil rules.[5] The argument that the complaint was signed by an unrecognizable signature was never made before the trial court for its consideration. Claims that could have been raised and resolved in the trial court cannot be raised for the first time on appeal, and we decline to consider this newly asserted claim. *Thompson v. Preferred Risk Mut. Ins. Co.*, 32 Ohio St.3d 340, 342, 513 N.E.2d 733 (1987).

{¶ 22} While excusable neglect may exist when a party has neither knowledge nor actual notice of the lawsuit, *Dispatch Printing Co.,* 2015-Ohio-1368, 31 N.E.3d 190 (10th Dist.), we note in this case it was undisputed that "2135 Noble Road" was the address of I. Stylez's place of business and the record reflects the

---

[5] Regarding service on a corporation, Civ.R. 4.2(F) provides that service may be made by "serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1)." Civ.R. 4.1(A)(1), in turn, provides the following:

> the clerk may make service of any process by a commercial carrier service utilizing any form of delivery requiring a signed receipt. The clerk shall deliver a copy of the process and complaint or other document to be served to a commercial carrier service for delivery at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk, with instructions to the carrier to return a signed receipt showing to whom delivered, date of delivery, and address where delivered.

delivery of the complaint by Federal Express in compliance with Civ.R. 4.2(F) and 4.1(A)(1).

{¶ 23} Where the movant alleges excusable neglect as the ground for relief from judgment under Civ.R. 60(B)(1) but does not set forth "any operative facts to assist the trial court in determining whether such grounds exist," it is within the court's discretion to deny the motion. *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 21. 520 N.E.2d 564 (1988). While I. Stylez claimed it was unaware of the litigation, it did not provide any explanations for this claim. *Compare Sycamore Messenger, Inc. v. Cattle Barons, Inc.*, 31 Ohio App.3d 196, 509 N.E.2d 977 (1st Dist.1986) (appellate court upheld the trial court's finding of excusable neglect where a corporate officer's affidavit stated that a bookkeeper failed to forward the complaint to the appropriate person). No information supported by a sworn affidavit or documentary evidence as to why I. Stylez was unaware of the litigation despite the delivery of the complaint to its business was provided to the trial court in the 60(B) motion.

{¶ 24} Unsworn allegations of operative facts contained in a motion for relief from judgment or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment. *E. Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 394 N.E.2d 348 (8th Dist.1978), syllabus.

{¶ 25} We further note that I. Stylez did not request a hearing in its motion to vacate the default judgment and the only evidentiary materials supporting its motion was the affidavit of its representative Prince. Yet, Prince did not aver that

I. Stylez did not receive the complaint filed by Delitoy, nor any other facts that could support I. Stylez's claim that it was unaware of the litigation.

{¶ 26} We recognize that Civ.R. 60(B) is a remedial rule to be literally construed to serve the ends of justice. *Kay*, 76 Ohio St.3d at 20, 665 N.E.2d 1102. However, "[t]he burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Rose Chevrolet* at 21.

{¶ 27} I. Stylez fails to establish that its inaction was due to excusable neglect. Instead, the record reflects I. Stylez's conduct exhibited "a disregard for the judicial system and the rights of plaintiff." *Griffey*, 33 Ohio St.3d at 80, 514 N.E.2d 1122 (refusing "to let Civ. R. 60(B) serve as an emasculation of the pleading rules and time limits"). Its claim that it was unaware of the litigation is not supported by the evidence in the record. Plaintiff's counsel sent letters to I. Stylez between February and May 2017 advising I. Stylez of plaintiff's claim and plaintiff's intent to pursue litigation. After the complaint was delivered to 2135 Noble Road — undisputedly I. Stylez's place of business — by Federal Express as authorized by Civ.R. 4.1(A)(1) and 4.2(F), several notices of case management conference as well as the notice of the default hearing were sent to I. Stylez at that address. Yet I. Stylez ignored all of them, responding to the litigation only after plaintiff initiated garnishment proceedings against Cox. I. Stylez presented no evidence that it did not receive the complaint or was unaware of the litigation, and it did not allege any special or unusual circumstances that would justify its inaction. As such, the trial court was

within its sound discretion denying I. Stylez's Civ.R. 60(B) motion to vacate the default judgment. The sole assignment of error is without merit.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

LARRY A. JONES, SR., J., DISSENTING:

{¶ 29} Respectfully, I dissent and would reverse the trial court's judgment denying I. Stylez's Civ.R. 60(B) motion.

{¶ 30} "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), quoting 11 Wright & Miller, *Federal Practice & Procedure* 140,

Section 2851. In determining whether excusable or inexcusable neglect has occurred, a court "'must of necessity take into consideration all the surrounding facts and circumstances.'" *Griffey v. Rajan*, 33 Ohio St.3d 75, 79, 514 N.E.2d 1122 (1987), quoting *Colley* at 249; *Porter, Wright, Morris & Arthur, L.L.P. v. Frutta Del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567.

{¶ 31} Here, a representative of I. Stylez averred that she "never received a complaint regarding [Cox's] services"; she was not present at the time of the alleged incident; and Cox was an independent contractor at the hair salon, and no longer provided services from the business. Excusable neglect may exist when a party has neither knowledge nor actual notice of the lawsuit. *See generally Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 479 N.E.2d 879 (1985). I would find I. Stylez's failure to respond to the complaint excusable neglect.

{¶ 32} Further, I. Stylez contended in its motion for relief that it had a meritorious defense; that being, that Cox was an independent contractor at the salon. Finally, I. Stylez filed its motion for relief from judgment in a timely manner — approximately five months after the $173,083.73 judgment was entered against it.

{¶ 33} In light of the above, I would find that the trial court abused its discretion by denying I. Stylez's motion for relief from judgment and I would reverse and remand for further proceedings.