[Cite as *Wells Fargo Bank, N.A. v. Am. Family Mut. Ins. Co.*, 2016-Ohio-7892.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104125**

# WELLS FARGO BANK, N.A.

PLAINTIFF-APPELLANT

vs.

# AMERICAN FAMILY MUTUAL INSURANCE COMPANY

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-835406

**BEFORE:** Stewart, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 23, 2016

**ATTORNEYS FOR APPELLANT**

James G. Vargo
Jerry L. Kaltenbach
Kaltenbach Vargo, L.L.C.
P.O. Box 20305
Columbus, OH 43220


**ATTORNEY FOR APPELLEE**

Mark S. Maddox
Frost & Maddox Co., L.P.A.
987 South High Street
Columbus, OH 43206

MELODY J. STEWART, J.:

{¶1} A fire damaged a vacant house insured by defendant-appellee American Family Mutual Insurance Company. Plaintiff-appellant Wells Fargo Bank, N.A., the mortgagee on the property, filed an insurance claim on the property four months later. American Family denied the claim on grounds that Wells Fargo failed to give notice of the loss as soon as reasonably possible — the house had been demolished before Wells Fargo gave notice of the loss and, with it, any chance of investigating the cause of the fire. Wells Fargo claimed that its duties as the mortgagee were limited under the insurance policy, and that the notice requirements placed on the homeowners did not apply to it. The parties filed cross-motions for summary judgment. The court granted summary judgment to American Family and denied Wells Fargo's motion for summary judgment. The issue on appeal is whether the court erred by finding that certain notice provisions of the insurance policy applied to Wells Fargo, as a mortgagee.[1]

---

[1] Wells Fargo makes no argument that, if found to have a duty to provide notice of the loss to American Family, it gave timely notice of the loss under the circumstances.

**{¶2}** Civ.R. 56(C) requires the court to issue a summary judgment if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." The parties filed cross-motions for summary judgment on the interpretation of the insurance policy, acknowledging that there were no genuine issues of material fact and that a judgment based on a construction of the insurance policy could issue as a matter of law.

**{¶3}** We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph two of the syllabus. If insurance policy terms are ambiguous, we construe them against the drafting party. *Thompson v. Preferred Risk Mut. Ins. Co.*, 32 Ohio St.3d 340, 342, 513 N.E.2d 733 (1987).

**{¶4}** Section 19 of the policy describes the insured's obligations in the event of a loss:

19. **What You Must Do in Case of Loss**. In the event of a loss to property that this insurance may cover, **you** and any person claiming Coverage under this policy must:

a. give notice as soon as reasonably possible to **us** or **our** agent. Report any theft to the police immediately. If the loss involves a **credit/debit card**, written notice must also be given to the company that issued the card;

b. protect the property from further damage, make reasonable and necessary repairs to protect the property and keep records of the cost of these repairs;

c. promptly separate the damaged and undamaged personal property.   Give **us** a detailed list of the damaged property, showing the quantities, when and where acquired, original cost, current value and the amount of loss claimed;

d. as often as **we** reasonably require:

(1) show **us** the damaged property before permanent repairs or replacement is made;

(2) provide **us** with records and documents **we** request and permit **us** to make copies;

(3) let **us** record **your** statements and submit to examinations under oath by any person named **us**, while not in the presence of any other **insured**, and sign the transcript of the statements and examinations[.]

**{¶5}** Section 14 of the "Definitions" part of the policy defines the word "you" as "the person or people shown as the named insured in the Declarations."   The only named insureds under the policy were Aquilino and Carmen Martinez.   Wells Fargo is listed on the declarations page only as the mortgagee — it is not a named insured.

{¶6} The notice requirement of Section 19 is not, however, limited to only named insureds: it also references "any person claiming Coverage under this policy." Section 12 of the Conditions part of the policy states: "If a mortgagee is named in this policy, any loss payable on buildings will be paid to the mortgagee and you, as interests appear." There is no question that Wells Fargo, as the mortgagee, has an interest in the insurance policy — its claim for indemnification of its loss is proof of its interest. *Union Cent. Life Ins. Co. v. Clinton Mut. Ins. Assn.*, 51 Ohio App. 20, 27, 199 N.E. 223 (12th Dist.1935). In fact, mortgagees have been described as the real party in interest with respect to claims made under an insurance policy containing the "standard" clause making the loss payable to a mortgagee as its interests may appear. *State, ex rel. Squire v. Royal Ins. Co.*, 58 Ohio App. 199, 16 N.E.2d 342 (8th Dist.1938) (noting that even where a mortgagee has a superior right to the proceeds of an insurance policy, it holds any amount exceeding the mortgage debt for the benefit of the property owner); *Wojcik v. Gold (In re Daher)*, Bankr.N.D.Ohio Nos. 10-17252 and 13-1232, 2014 Bankr. LEXIS 4977, *10-11 (Apr. 18, 2014); *Vogt v. Guardian Royal Exch.*, 12th Dist. Clermont No. CA91-10-085, 1992 Ohio App. LEXIS 3242, *3 (June 22, 1992).

{¶7} The question then becomes whether Wells Fargo, as the mortgagee, falls under the category of any "person" for purposes of the notice provisions contained in Section 19. Wells Fargo argues that it, as a corporate entity, cannot be a considered a "person" under the policy because other parts of the policy distinguish between a person and company. It maintains that the policy contains several examples distinguishing between a "person" and a "company," so the policy's failure to state that Section 19 also applied to a company as well as a person must be construed against American Family.

{¶8} The policy does not define the word "person," so we give that word its plain and ordinary meaning. *Hope Academy Broadway Campus v. White Hat Mgmt., L.L.C.*, 145 Ohio St.3d 29, 2015-Ohio-3716, 46 N.E.3d 665, ¶ 36. Ohio law includes corporations within the definition of "persons." *See* R.C. 1.59(C) ("Person includes an individual, corporation, business trust, estate, trust, partnership, and association.").

**{¶9}** Wells Fargo argues that the General Assembly's decision to include corporations within the its definition of a "person" does not mean that the word "person" must always include corporations, regardless of the setting. We agree — to a point. The parties to a contract are free to give words special meaning, even if those words might otherwise have a common definition. But the insurance policy at issue in this case does not define the word "person," so we are bound to give that word its ordinary meaning. Wells Fargo's insistence that the word "person" be interpreted to apply only to natural persons ignores the reality that a mortgagee can be both a natural person and a corporation. Given that mortgagees can claim coverage under the policy, taking Wells Fargo's argument to its logical conclusion would mean that with respect to Section 19, only mortgagees who are natural persons would have the obligation to give notice in the case of a loss, while mortgagees who are corporations would have no such obligation. This distinction is manifestly absurd — we must construe the language of the parties' agreement to avoid a "manifest absurdity." *Shifrin v. Forest City Ent., Inc*., 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992).

**{¶10}** Wells Fargo also argues that the obligations set forth in Section 19 were crafted for individuals who reside in the household, and not third-party mortgagees. It argues, for example, that the notice provisions regarding loss involving the use of a credit or debit card apply only to individuals.

**{¶11}** While some subsections of Section 19 might be more applicable to household residents than mortgagees, other obligations under Section 19 can be read as being applicable to mortgagees. Wells Fargo conceded this fact below, telling the court that "most, if not all, of [the obligations under Section 19], apply to a 'person' residing in the household and not a mortgagee that would not incur most of the identified losses or be able to provide most of the required information." Wells Fargo motion for summary judgment at 7. That even one obligation — the duty to give notice of a loss as soon as reasonably possible — exists for a mortgagee claiming coverage under the policy is enough to show that Section 19 applies to Wells Fargo.

**{¶12}** Wells Fargo also argues that Section 12 of the policy, titled "Mortgage Clause," fully defines the obligations of mortgagees with respect to reporting a loss, to the exclusion of the notice provisions contained in Section 19.

**{¶13}** Section 12 states:

12. **Mortgage Clause**.

The word "mortgagee" includes trustee or contract of sale lienholder.

If a mortgagee is named in this policy, any loss payable on buildings will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b. pays any premium due under this policy on demand if you have neglected to pay the premium; and

c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so.

As to only the interest of a lienholder or mortgagee declared in this policy, this insurance will terminate only if we give such lienholder or mortgagee at least 10 days written notice of termination. If we pay the mortgagee any loss and deny payment to you:

a. we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b. at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest.  In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

{¶14} Wells Fargo argued in its motion for summary judgment that a plain reading of the policy shows that the duties of a mortgagee in reporting a loss are limited to those set forth in Section 12, while the duties that apply to a named insured and other persons claiming through a named insured as residents of households are set forth in Section 19.

{¶15} Section 12 says nothing about a mortgagee's obligation to notify American Family of a loss covered by the policy. The only obligation relating to notice under Section 12 is that a denial of coverage will not apply to a valid claim of the mortgagee, if the mortgagee notified American Family of "any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware." As we earlier stated, in this case there is no distinction between mortgagees in Section 12 and persons claiming coverage under Section 19 — Wells Fargo is both a mortgagee and a person claiming coverage under the policy. By claiming under the policy, it had the obligation to provide notice of the loss as required by Section 19, irrespective of Section 12 of the policy.

{¶16} Finally, Wells Fargo argues that even if it had an obligation to notify American Family about the fire, American Family was not prejudiced from untimely notice of the loss because it could have engaged in an adequate appraisal of the property to determine its value despite the house being demolished.

{¶17} American Family showed prejudice because the demolition of the dwelling impaired American Family's ability to ascertain whether it would have subrogation rights against third persons who may have caused the fire. Finally, the complete demolition of the dwelling caused American Family prejudice because it was unable to determine the actual value of the property prior to the fire for purposes of indemnification. Wells Fargo failed to rebut any of these claims of prejudice.

**{¶18}** We conclude that the court did not err by granting American Family's motion for summary judgment. Likewise, the court did not err by denying Wells Fargo's partial motion for summary judgment.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR