[Cite as *Westlake v. Cleveland*, 2019-Ohio-1435.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107222**

---

**CITY OF WESTLAKE**

PLAINTIFF-APPELLEE

vs.

**CITY OF CLEVELAND**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-782910

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 18, 2019

**ATTORNEYS FOR APPELLANT**

Susan M. Audey
Robert J. Hanna
Karl A. Bekeny
Tucker Ellis L.L.P.
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113

Barbara A. Langhenry
Director of Law, City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael P. Maloney
Director of Law
Robin R. Leasure-Soeder
Assistant Law Director
City of Westlake
27700 Hilliard Boulevard
Westlake, Ohio 44145

Dennis M. O'Toole
Matthew A. Dooley
Stephen M. Bosak, Jr.
Frank S. Carlson
O'Toole, McLaughlin, Dooley & Pecora
5455 Detroit Road
Sheffield Lake, Ohio 44054

PATRICIA ANN BLACKMON, J.:

{¶1} This appeal arises from this court's remand in *Westlake v. Cleveland*, 8th Dist. Cuyahoga No. 104282, 2017-Ohio-4064 ("*Westlake I*"). After the trial court convened a hearing on remand and witness testimony was presented, Westlake filed a Civ.R. 41(A)(1)(a) notice of voluntary dismissal. Cleveland filed a motion to strike Westlake's voluntary dismissal, but the trial court determined that the notice was self-executing and deprived the court of jurisdiction to

rule on Cleveland's motion to strike. Cleveland filed a mandamus action in this court, seeking a writ to compel the trial court to proceed with the hearing ordered on remand, and also filed the instant direct appeal, assigning the following error for our review:

> The trial court erred in denying as moot Appellant City of Cleveland's Motion to strike Appellee City of Westlake's improperly filed Civ.R. 41(A)(1)(a) notice of voluntary dismissal.

{¶2} During the pendency of this direct appeal, this court issued a writ of mandamus, concluding that the notice of dismissal "was ineffective and respondent has jurisdiction to rule on Cleveland's motion to strike, and to conduct the hearing mandated by this court" in *Westlake I*. *See State ex rel. Cleveland v. Shaughnessy*, 8th Dist. Cuyahoga No. 107403, 2018-Ohio-4797, ¶ 21 ("*Westlake II*"). Having reviewed the record and the controlling case law, we conclude that Westlake's Civ.R. 41(A)(1)(a) dismissal was not valid, and the decision in *Westlake II* specifically granted the trial court jurisdiction to rule on Cleveland's motion to strike. Therefore, we reverse the trial court's decision that it lacked jurisdiction to rule on the motion to strike. The apposite facts follow.

{¶3} The parties' dispute stems from Cleveland's provision of municipal water to Westlake pursuant to a 1990 water service agreement. After the contract was in effect for numerous years, Cleveland determined that Westlake had explored alternative sources for water and notified Westlake that it had to provide five years advance notice in order to terminate the water service agreement. *Westlake II* at ¶ 1. Cleveland also imposed significant cost increases to recover "stranded costs." *Id.* at ¶ 2. Westlake filed a declaratory judgment action seeking declarations that the water agreement terminated after the expiration of 25 years, and that Cleveland could not recover the "stranded costs." *Westlake I*, 2017-Ohio-4064, at ¶ 1. The trial

court, on summary judgment, ruled that: (1) "stranded costs" were not recoverable; (2) the contract remained in effect for 25 years, then terminated by its own terms in 2015; and (3) the provisions requiring five-year prior notice of intent to terminate were no longer effective. *Id*. at ¶ 5; *Westlake II* at ¶ 2.

{¶4} On direct appeal of the trial court's ruling in the declaratory judgment action, this court concluded that Cleveland had no contractual right to recover the "stranded costs," and that the water service agreement was a nonexclusive agreement for a minimum period of ten years, with annual renewals constituting new yearly agreements. *Westlake I* at ¶ 54. Additionally, in light of the annual renewals, this court held that the claimed five-year notice of termination was inapplicable. However, this court found that there is a question of fact as to how much notice was required, so it "reversed and remanded for proceedings consistent with this opinion." *Id*.

{¶5} The record further reflects that in response to the *Westlake I* remand, the trial court set a hearing for March 27, 2018. On the day of the hearing, the trial court permitted witness Susan Schell, an environmental manager of the Ohio Environmental Protection Agency ("OEPA"), to testify out of order, on behalf of Cleveland. Following Schell's testimony on direct examination and on cross-examination, the trial court continued the hearing until April 27, 2018. However, on April 23, 2018, Westlake filed a notice of voluntary dismissal without prejudice pursuant to Civ.R.41(A)(1)(a).

{¶6} On April 25, 2018, Cleveland filed a motion to strike Westlake's notice of voluntary dismissal. Cleveland maintained that although Civ.R.41(A)(1)(a) authorizes a plaintiff to file a notice of dismissal at any time before the commencement of trial, Westlake's notice was filed after the evidentiary hearing had already begun, so it was a nullity. On April 26, 2018, the trial court ruled that the voluntary dismissal divested it of jurisdiction, and that Cleveland's motion to

strike was moot. This ruling is the subject of Cleveland's instant direct appeal. "[T]he appeal filed by Cleveland is limited to a determination of whether the trial court retained jurisdiction to rule on Cleveland's motion to strike." *Westlake II* at ¶ 26.

**{¶7}** While this direct appeal was pending, Cleveland also filed a verified complaint in mandamus in this court, seeking a writ to compel the trial court to proceed with the hearing ordered on remand. *Westlake II*, 2018-Ohio-4797, at ¶ 2. On November 17, 2018, this court granted the writ of mandamus and directed the trial court to hold the hearing ordered in the remand of *Westlake I*. *Westlake II* at ¶ 8. This court recognized that Civ.R. 41(A)(1)(a) permits a plaintiff to file a notice of dismissal "at any time before the commencement of trial," and that "[t]he filing of a *valid* notice of voluntary dismissal is effective on filing, and deprives the court of further jurisdiction to act." (Emphasis added.) *Id.* at ¶ 13. However, this court rejected Westlake's assertions that: (1) the March 27, 2018 evidentiary hearing did not constitute a trial within the meaning of Civ.R. 41(A)(1)(a); and (2) the taking of Schell's testimony was simply an accommodation, not the start of the trial. *Id.* at ¶ 15-16. Rather, this court held as follows:

> Therefore, Westlake could not use a notice of voluntary dismissal to terminate the action because trial had commenced. *The notice was ineffective and respondent has jurisdiction to rule on Cleveland's motion to strike, and to conduct the hearing mandated by this court.* * * *
>
> *Cleveland is entitled to have the trial court rule on its motion to strike and to move forward with the trial* regardless of Westlake's notice of voluntary dismissal.

(Emphasis added.) *Id.* at ¶ 21-23.

### Civ.R. 41(A)(1)(a)

**{¶8}** Civ.R. 41(A)(1)(a) allows a plaintiff to voluntarily dismiss a claim without an order of the court by filing a notice of dismissal at any time before the commencement of trial. *Schwering v. TRW Vehicle Safety Sys.*, 132 Ohio St.3d 129, 2012-Ohio-1481, 970 N.E.2d 865, ¶ 14. However, the commencement of trial cuts off a plaintiff's ability to unilaterally dismiss claims without prejudice. *Id.* at ¶ 21. At that point, a plaintiff may dismiss without prejudice only by stipulation of all parties (Civ.R. 41(A)(1)(b)) or by order of the trial court (Civ.R. 41(A)(2)). *Id.* The *Schwering* court stated:

Once trial begins, the trial court is the gatekeeper, ensuring that dismissal does not prejudice other parties and occurs "upon such    terms and conditions as the court deems proper."  Civ.R. 41(A)(2). This rule allows the trial court to determine the conditions to impose to protect the other parties and to ensure that they are not prejudiced upon refiling.  Therefore, while Civ.R. 41(A)(1)(a) does not permit a unilateral voluntary dismissal without prejudice once trial has begun, the trial court, in its discretion, may allow a plaintiff to dismiss pursuant to Civ.R. 41(A)(2).

*Id.* at ¶ 22.

{¶9} Further, in *State ex rel. Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, the Ohio Supreme Court held that in the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.  *Id.* at ¶ 8.

### The Law of the Case

{¶10} The doctrine of the law of the case "provides that the decision of a reviewing court in a case remains the law of the case on the legal questions  involved for all subsequent proceedings in the case at both the trial and reviewing levels."  *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).   Thus, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."  *Id.* at syllabus.

{¶11} In *Westlake II*, this court held that following the *Westlake I* remand, a hearing on the merits had commenced, so Westlake's "notice of [voluntary] dismissal was ineffective and [the trial court] has jurisdiction to rule on Cleveland's motion to strike, and to conduct the hearing mandated by this court."  *Westlake II*, 2018-Ohio-4797, ¶ 20-21. This court stated that "Cleveland is entitled to have the trial court rule on its motion to strike and to move forward with

the trial regardless of Westlake's notice of voluntary dismissal." *Id*. at ¶ 23. This ruling is the law of the case in this matter. *See also In re Guardianship of Hards,* 11th Dist. Lake No. 2007-L-150, 2009-Ohio-1002, ¶ 49. Therefore, the question of the trial court's jurisdiction to rule on the motion to strike and to hold a hearing as ordered on remand in *Westlake I* are beyond question in this point of the litigation. Significantly, in issuing the writ of mandamus, this court stated, "Respondent is directed to proceed with the hearing to determine what constitutes reasonable notice as directed in *Westlake I.*" *Westlake II* at ¶ 28.

{¶12} In accordance with all of the foregoing, we conclude that the trial court erred in ruling that Westlake's notice of voluntary dismissal "terminates this court's jurisdiction" and rendered the motion to strike moot. The court mistakenly concluded that it lacked jurisdiction to rule on Cleveland's motion to strike Westlake's Civ.R. 41(A)(1)(a) notice of dismissal.

{¶13} Cleveland's sole assigned error is well taken.

{¶14} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS
WITH SEPARATE OPINION ATTACHED

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶15} I concur with the majority opinion but write separately to clarify the disposition based on the particular facts of this case and in light of the writ of mandamus granted in *State ex rel. Cleveland v. Shaughnessy*, 8th Dist. Cuyahoga No. 107403, 2018-Ohio-4797 ("*Westlake II*"). In that original action, the respondent was ordered to conduct a hearing to determine what constitutes reasonable notice to terminate the parties' agreement. In granting that writ, however, it was explained that when given a mandate upon remand, if the trial court "mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, *either* upon a new appeal (if involving a sufficient amount) *or* by a writ of mandamus to execute the mandate of this court." (Emphasis added.) *Id.* at ¶ 9, quoting *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 100-102, 647 N.E.2d 792 (1995). Under that rationale, no party has the right to both remedies, and nothing in today's opinion should be interpreted otherwise. Although this court considered the matter based on the briefing filed before the conclusion of the original action, I note that the resolution herein is limited to the unique circumstances of this case.