[Cite as *Westlake v Cleveland*, 2021-Ohio-2929.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF WESTLAKE, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109894 |
| v. | : | |
| CITY OF CLEVELAND, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 26, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-12-782910

***Appearances:***

Michael P. Maloney, Westlake Director of Law, Robin R. Leasure, Assistant Director of Law; O'Toole, McLaughlin, Dooley & Pecora, L.P.A., Dennis M. O'Toole, Matthew A. Dooley and Stephen M. Bosak, Jr., *for appellee.*

Barbara A. Langhenry, Cleveland Director of Law; Tucker Ellis, L.L.P., and Susan M. Audey, Robert J. Hanna and Karl A. Bekeny, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Appellant city of Cleveland ("Cleveland") appeals from the judgment of the Cuyahoga County Court of Common Pleas finding that the reasonable period

for notice of cancellation under the Water Services Agreement ("WSA") is one year. We overrule appellant's sole assignment of error and affirm because the trial court correctly applied this court's previous opinion.

## I.    Factual and Procedural History

**{¶ 2}** This case arises from a WSA between the city of Westlake ("Westlake") and Cleveland under which Cleveland would provide water to the residents of Westlake. This case has an extensive history but, due to the previous opinions of this court and the decisions of the trial court, the issues raised in the present appeal are quite narrow.

**{¶ 3}** On May 18, 2012, Westlake filed an action in the Cuyahoga County Court of Common Pleas. This action requested both declaratory judgment and injunctive relief. Westlake requested a judgment which would declare:

> 1. That Westlake has the right to obtain a secondary source of potable water without being in breach of the WSA;
>
> 2. That the WSA does not require the purchase of any definable amount of water during the five-year notice period contained in Article 23 of the WSA;
>
> 3. That the WSA's provision automatically extending the term of the WSA following the first ten (10) year term to perpetual annual terms, but requiring a five (5) year notice to terminate is unenforceable;
>
> 4. That the WSA is unenforceable beyond twenty-five (25) years from its effective date;
>
> 5. That Cleveland may not require "stranded costs" or other additional costs to "mitigate reliability impacts" on neighbors by unilaterally adjusting customer rates during the notice period as described in Cleveland's December 14, 2011 letter.

{¶ 4} The complaint further requested that the court issue a permanent injunction restraining Cleveland from:

1. Increasing its water rates in order to recover "stranded costs" or other additional costs to "mitigate reliability impacts" as described in Cleveland's December 14, 2011 letter;

2. Taking any action detrimental to the interests of the consumers of water within Westlake, which are inconsistent with the obligations of Cleveland under the WSA.

{¶ 5} After substantial litigation, the trial court issued a decision that determined that the WSA had terminated on March 19, 2015, that it was no longer enforceable and that the provision requiring five-years notice of intent to terminate was no longer applicable. The trial court further ruled that Westlake could obtain water from a secondary source without violating the agreement. Finally, the court ruled that Cleveland was not entitled to recover stranded costs.

{¶ 6} Cleveland appealed this judgment and this court reversed and remanded the case. However, the opinion was split leading to some difficulty in its application by the trial court. Of the three-judge panel, one judge wrote the majority opinion, another concurred in judgment only and a third concurred in part and dissented in part. *Westlake v. Cleveland*, 8th Dist. Cuyahoga No. 104282, 2017-Ohio-4064 ("*Westlake I*"). In material part, this court held that "the five-year notice provision would be unenforceable — it is irreconcilable to require that notice be given five years in advance of an intent to terminate a one-year contract." *Id.* at ¶ 40 and the case was remanded to the trial court for a determination as to how much

notice should be provided under the WSA because the "the five-year notice of termination [was] inapplicable to a yearly agreement[.]" *Id.* at ¶ 54.

**{¶ 7}** After the reversal, the trial court proceeded to decide the issue of what notice would be reasonable under the contract. Following the testimony of a single witness, Westlake filed a notice of dismissal under Civ.R. 41(A)(1)(a). Cleveland challenged that dismissal in this court via both a direct appeal and a petition for an extraordinary writ.

**{¶ 8}** This court granted the extraordinary writ and determined that the swearing in of the witness commenced the trial which prevented the plaintiff from noticing the dismissal of the action. In granting the writ, this court stated that: "[t]his court [in its prior opinion] determined that a single question of fact remained outstanding in the underlying case between Cleveland and Westlake — what constituted reasonable notice under the terms of the contract given that it continued to renew on a year-to-year basis." *State ex rel. Cleveland v. Shaughnessy*, 8th Dist. Cuyahoga No. 107403, 2018-Ohio-4797, ¶ 10 ("*Westlake II*"). Another panel of this court followed the reasoning laid out in *Westlake II* by reversing the decision of the trial court in the direct appeal. *Westlake v. Cleveland*, 8th Dist. Cuyahoga No. 107222, 2019-Ohio-1435, ¶ 12 ("*Westlake III*").

**{¶ 9}** Thus, the only issue before the trial court was what constituted reasonable notice to cancel under the terms of the contract after the initial ten-year period. The court below issued an opinion and entry that provided as follows:

The court recognizes the complexity of water systems, and acknowledges Cleveland's position that dismantling a water source requires a series of projects, the completion of which could far exceed one year * * *. [A] fact finder, based on the testimony, could find that a significant period of time, exceeding one year, would be required to fully disconnect from a water source, the court is constrained by the law. This court, having no precedent as guidance, follows previous case law and historical rulings, understanding that a one-year contract cannot contain a termination provision that exceeds the terms therein.

* * *

Despite the complex nature of separating water systems, the court is bound by contract law principles that mandate that a one-year contract cannot contain a provision that extends beyond its very terms. In accordance with aforementioned, this court holds that reasonable termination is one year.

{¶ 10} In context, the trial court determined that this court's opinion established that the term of the WSA, after the initial ten-year period, was renewable in one-year terms and that no cancellation notice requirement could exceed the renewable term.

## II. Standard of Review

{¶ 11} The decision of the trial court declared the obligations of the parties to a contract pursuant to R.C. 2721.04. "In reviewing a declaratory judgment case, legal questions are subject to de novo review whereby no deference is given to the trial court's decision * * *. Where the final decision involves factual issues, however, a manifest weight of the evidence standard applies." *Gill v. Guru Gobind Sikh Soc. of Cleveland*, 8th Dist. Cuyahoga No. 104634, 2017-Ohio-7163, ¶ 29 (citations omitted). Here, the appellant challenges the trial court's determination that it could

not establish a notice period under the WSA longer than a year. Thus, we are presented solely with a question of law.

## III. Argument and Analysis

{¶ 12} Appellant appeals and assigns one error for our review:

The trial court erred in concluding that it was "constrained by the law" to find that reasonable notice to terminate the parties' Water Service Agreement (WSA) is one year, despite acknowledging that transitioning water supply "could far exceed one year" and knowing that the WSA would automatically renew from year to year — and thus not terminate in one year — as long as appellant city of Cleveland is supplying water to appellee city of Westlake and would be doing so during any period of the acknowledged multi-year transition.

{¶ 13} Appellant contends that this court rendered its previous opinions "without the benefit of legal argument on the WSA's automatic-renewal provision term, without a factual record on reasonableness of a five-year notice period, and without considering the intent of the parties in agreeing to the notice provision."

{¶ 14} With respect to this issue, appellant argues that "[t]he WSA is not a fixed, one-year contract but, instead, it is a contract that renews automatically in one-year increments as long as Cleveland is supplying water to Westlake." However, this court determined that "the parties operat[ed] under a year-to-year agreement, [and] a new agreement arose every year[.]" *Westlake v. Cleveland*, 8th Dist. Cuyahoga No. 104282, 2017-Ohio-4064, ¶ 40. "[T]he initial contract term was ten years followed by a series of self-renewing year-to-year contracts[.]" *Id.* at ¶ 61. Thus, the prior panel in this case determined that each renewal of the annual contract resulted in a new contract. As a corollary, this means that each year the prior contract lapses at the end of the annual term. The obligations under the five-

year notice provision would exceed the remaining term of the contract. This inconsistency is the basis for the conclusion that the annual renewal term is in conflict with the five-year notice provision.

{¶ 15} Appellant further argues that the trial court erred in determining that the "WSA is a fixed, one-year contract such that notice to terminate cannot exceed one year." Notwithstanding some window dressing, appellant is asking this court to reject the reasoning of the first appellate opinion in this action. Appellant points to no intervening decision or any other exception that would prevent the application of the law-of-the-case doctrine. This court has already determined that its prior opinions in this matter are law-of-the-case. *Westlake II*, 2018-Ohio-4797, at ¶ 27; *Westlake III*, 2019-Ohio-1435, at ¶ 11.

{¶ 16} The trial court considered testimony from both Westlake and Cleveland witnesses who testified concerning the practical requirements of disconnecting Cleveland's provision of water to the residents of Westlake. The court below was focused on the reasonableness of the notice period. The record makes it fairly clear that the trial court credited Cleveland's witnesses. The trial court specifically noted that it was "constrained" to set the notice period at no longer than the end of the contract term period.

{¶ 17} Cleveland credibly argues that disconnecting Westlake's water supply from Cleveland's will take much longer than the single year set by the trial court but this court previously found that the five-year period of cancellation was an "irreconcilable [conflict] to require that notice be given five years in advance of an

intent to terminate a one-year contract." *Westlake I*, 2017-Ohio-4064, ¶ 40. Appellant may well be correct that a one-year cancellation period is impractical. However, within the constraints of the original panel's decision, the trial court is correct that no longer period could have been set.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR